UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW EL-MASSRI | : | CIVIL NO. 3:18-CV-01249(CSH) |
| v. | : | |
| NEW HAVEN CORRECTIONAL CENTER, ET AL., | : | NOVEMBER 27, 2018 |

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Lt. Troy Williams, Lt. Cacioli, Lt. Lewis, Officer Hebert, Nurse Goode, Officer McGivney and Deputy Warden Stacey Mamora, in their individual capacities only, hereby files an answer and affirmative defenses to his complaint (ECF -1) as follows:

**Introduction**

>To the extent this Paragraph sets forth a legal conclusion, no response is required. To the extent this Paragraph sets forth factual allegations against the Defendants, the same is denied.

**Jurisdiction**

1. To the extent this Paragraph sets forth a legal conclusion, no response is required.

**Parties**

2. As to Paragraph 2, as of the filing of the complaint it is admitted.

3. As to Paragraph 3, as of time of the incident, it is denied.

4. As to Paragraph 4, it is admitted, except that portion which alleges "Lieutenants" which is denied.

5. As to Paragraph 5, it is admitted.

6. As to Paragraph 6, the Defendants have insufficient information upon which to form a belief as to the truth of the allegations in that portion and therefore neither admit nor deny the same, but leave the Plaintiff to his proof.

7. As to Paragraph 7, it is admitted.

8. As to Paragraph 8, it is admitted.

9. As to Paragraph 9, it is denied, except that portion which alleges "gave several commands for the plaintiff to stop fighting," which is admitted.

10. As to Paragraph 10, it is denied, except that portion which alleges "Plantiff sustained a superficial laceration" and "Defendant Williams was soon after relieved," which is admitted.

11. As to Paragraph 11, it is denied.

12. As to Paragraph 12, it is denied.

13. As to Paragraph 13, it is denied.

14. As to Paragraph 14, it is denied.

15. As to Paragraph 15, it is denied.

16. As to Paragraph 16, it is denied.

17. As to Paragraph 17, the Defendants have insufficient information upon which to form a belief as to the truth of the allegations in that portion and therefore neither admit nor deny the same, but leave the Plaintiff to his proof.

18. To the extent sets forth a legal conclusion, no response is required.

19. As to Paragraph 19, it is denied.

20. As to Paragraph 20, it is denied.

21. As to Paragraph 21, it is denied.

22. As to Paragraph 22, it is denied.

Prayer for Relief

A. As to Plaintiff's request for declaratory relief, no response is required as this count has been dismissed by the court.

B. As to Plaintiff's request for injunctive relief, no response is required as this count has been dismissed by the court.

C. As to Plaintiff's request for Compensatory Damages, the Defendants move this court to deny Plaintiff's request for compensatory damages

   1. As to Paragraph C1, the Defendants move this court to deny Plaintiff's request for compensatory damages

   2. As to Paragraph C2, the Defendants move this court to deny Plaintiff's request for punitive damages

## **AFFIRMATIVE DEFENSES**

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, the Defendants raise the following affirmative defenses to the allegations contained in the Plaintiff's complaint.

### **FIRST AFFIRMATIVE DEFENSE**

The Plaintiff's complaint fails to state a claim upon which relief can be granted for a violation of the United States Constitution.

### **SECOND AFFIRMATIVE DEFENSE**

To the extent that this action seeks money damages against the Defendants in their individual capacity, they acted with an objective belief that their actions did not

violate any clearly established law. For that reason, the Defendants are entitled to qualified immunity from money damages.

### THIRD AFFIRMATIVE DEFENSE

The claims raised in the Plaintiff's complaint fail to allege a plausible "physical injury" and thus under the PLRA, 42 U.S.C. §1997e (e), and thus, this action seeking compensatory damages solely for emotional injury is barred.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has not exhausted his administrative remedies as to each and every claim prior to bringing this action as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e (a).

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's complaint fails to state a claim of supervisory liability against the Defendants.

### SIXTH AFFIRMATIVE DEFENSE

To the extent the plaintiff seeks the recovery of money damages from the defendants upon the basis of negligence the defendants, as state officials, are immune from liability pursuant to Connecticut General Statutes Section 4-165 and the doctrine of sovereign immunity.

### SEVENTH AFFIRMATIVE DEFENSE

A correction officer is statutorily authorized to use reasonable physical force in the performance of his duties.  C.G.S.§ 53a-18.

**EIGHTH AFFIRMATIVE DEFENSE**

Insofar as plaintiff's claims assert any violation of state law, at all times relevant to the complaint, the defendants were state employees whose conduct was within the scope of their duties, and were not wanton, reckless or malicious. They are therefore immune from liability pursuant to Connecticut General Statutes § 4-165.

                                 DEFENDANTS,
                                 New Haven Correctional Center, et. al.,

                                 GEORGE JEPSEN
                                 ATTORNEY GENERAL

BY:   /s/ *Jessica Torres*
       Jessica Torres
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT  06105
       Federal Bar # ct30424
       E-Mail:  jessica.torres@ct.gov
       Tel: (860) 808-5450
       Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that on November 27, 2018, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System. A copy was also mailed to the following:

Andrew El-Massri 290729
Hartford Correctional Center
177 Weston St.
Hartford, CT 06120

                                           /s/ *Jessica Torres*
                                          Jessica Torres
                                          Assistant Attorney General