UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW EL-MASSRI,<br><br>        Plaintiff,<br>  v.<br><br>NEW HAVEN CORRECTIONAL CENTER, DEPUTY WARDEN MARMORA, LIEUTENANT CACIOLI, LIEUTENANT LEWIS, LIEUTENANT WILLIAMS, OFFICER HEBERT, OFFICER McGIVNEY, and NURSE GOODE,<br><br>        Defendants. | Civil Action No.<br>No. 3:18-cv-1249 (CSH)<br><br><br><br>MAY 7, 2019 |

**RULINGS ON PLAINTIFF'S MOTION TO AMEND COMPLAINT AND MOTION TO COMPEL DISCOVERY [Doc. 28 & 29] and DEFENDANTS' MOTION FOR LEAVE TO DEPOSE PERSON CONFINED IN PRISON [Doc. 27]**

**Haight, Senior District Judge:**

### I. INTRODUCTION

*Pro se* plaintiff Andrew El-Massri, an inmate currently incarcerated at Garner Correctional Institution in Newtown, Connecticut, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the New Haven Correctional Center ("NHCC"), where he was previously confined, and seven of the facility's employees in their individual and official capacities.[1] These individual defendants

---

[1] The Court takes judicial notice that on January 30, 2019, El-Massri was found guilty of interfering with a police officer and/or resisting arrest under Conn. Gen. Stat. § 53a-167a and sentenced to one year in prison. *See State v. El-Massri*, No. H15N-CR18-0068824-T. The records of the Connecticut Department of Correction also indicate that he was sentenced to a maximum of 11 years for violating probation or the terms of conditional discharge so that his maximum release date is given as 3/6/2029. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=

1

include: Deputy Warden Marmora, Lieutenant Cacioli, Lieutenant Lewis, Lieutenant Williams, Officer Hebert, Officer McGivney, and Nurse Goode. In his complaint, El-Massri sued the defendants for violating his Eighth Amendment protection against cruel and unusual punishment, seeking monetary, injunctive, and declaratory relief. Doc. 1 (Complaint), at 8-9.

On August 7, 2018, this Court granted El-Massri's motion to proceed *in forma pauperis*. Doc. 6, 7. Thereafter, pursuant to the Court's screening duties under 28 U.S.C. § 1915A, the Court reviewed Plaintiff's complaint and dismissed it in part. *See* 28 U.S.C. § 1915A(b)(1)-(2) (mandating that the Court review a prisoner's civil complaint and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief"). Specifically, the Court dismissed all claims against NHCC because a correctional institution is not a "person" within the meaning of 42 U.S.C. § 1983 so there was no arguable legal basis to proceed with a § 1983 claim against NHCC. The Court also dismissed all claims against the remaining defendants in their official capacities because those claims were barred by the Eleventh Amendment, and in any event, failed to state plausible claims for declaratory and injunctive relief. The case was allowed to proceed on the Eighth Amendment claims for excessive force (against Williams, Cacioli, Lewis, and Hebert) and failure to intervene against such force (against McGivney and Goode); deliberate indifference to medical needs (against all individual defendants); and unconstitutional conditions of confinement (against all individual defendants).² Each such claim was allowed to proceed against the individual

---

290729.

² The Court notes that the "failure to intervene" claim against McGivney and Goode was not separately delineated in its "Conclusion" in the Initial Review Order. Doc. 9, at 23-24. However, the Court's discussion regarding Count I, under which Plaintiff brought both his claim for excessive

defendants (herein "Defendants") solely in their personal capacities for damages.

The parties have filed three pending motions. The motions include: Plaintiff's "Motion For Permission to Amend the Complaint" [Doc. 28], Plaintiff's "Motion to Compel Discovery" [Doc. 29], and Defendants' "Motion for Leave to Depose [Plaintiff, A] Person Confined in Prison" [Doc. 27]. Defendants have filed an objection to Plaintiff's motion to compel. Doc. 30. No other objections or responses have been filed to these motions. The Court resolves the motions herein.

## II. DISCUSSION

### A. Plaintiff's Motion to Amend Complaint [Doc. 28]

Plaintiff has filed a motion seeking the Court's leave to amend his complaint by adding numerous new defendants and claims. He argues that these amendments are needed "due to new evidence [he has] obtained." Doc. 28, ¶ 1.

#### *1. Standard for Leave to Amend - Rule 15, Fed. R. Civ. P., and Foman*

Pursuant to Rule 15(a), Fed. R. Civ. P., a plaintiff may amend his complaint once as a matter of course within twenty-one days after service of the complaint or within twenty-one days after service of a responsive pleading (*i.e.*, answer or motion to dismiss) or of a Rule 12(b), (e), or (f) motion, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(A) and (B). *See also, e.g., Baines v. Pillai,* No. 3:16-CV-01374 (CSH), 2017 WL 1375168, at *1 (D. Conn. Apr. 10, 2017)*; Taurus B, LLC v. Esserman,* No. 3:14-CV-715 CSH, 2014 WL 4494398, at *1 (D. Conn. Sept. 12, 2014).

In all other cases, the plaintiff may amend his complaint only with "the opposing party's written consent or the court's leave," which should be "freely give[n] when justice so requires." Fed.

---

force (against Williams, Cacioli, Lewis, and Hebert) and his claim for "failure to intervene," makes clear that the Court "f[ound] that Plaintiff's claims for failure to intervene under § 1983 may proceed against McGivney and Goode in their individual capacities for money damages." Doc. 9, at 13.

3

R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (discussing Rule 15(a)). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). "A *pro se* complaint is to be read liberally, and should not be dismissed without granting leave to amend at least once when such a reading gives *any* indication that a valid claim *might* be stated." *Id.* (emphasis in original; citation, internal quotation marks, and brackets omitted).

In the case at bar, Plaintiff filed his motion for leave to amend the complaint [Doc. 28] on April 1, 2019, more than four months after the named Defendants answered his complaint [Doc. 14]. He may not, therefore, amend his complaint as a matter of right under Rule 15(a)(1). Rather, he must obtain the opposing parties' written consent or the leave of this Court.

   *2. Analysis*

Here, the motion papers Plaintiff has submitted are deficient. First, under Local Civil Rule 7(f), "[a]ny motion to amend a party's pleading under Fed. R. Civ. P. 15(a) that requires leave of court shall (1) include a statement of the movant that: (i) the movant has inquired of all non-moving parties and there is agreement or objection to the motion; or (ii) despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s) . . . ." Plaintiff's motion includes no such statement regarding the non-moving parties' position(s).

In addition, pursuant to Local Civil Rule 7(a), a motion which involves disputed issues of

4

law "shall be accompanied by a memorandum of law" and "[f]ailure to submit a required memorandum may be deemed sufficient cause to deny the motion." The motion itself is not a memorandum of law.

Lastly, if one seeks amendment of a pleading, one must affix a copy of the proposed amended pleading to his Rule 15 motion. *See* 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶¶ 15. 17[1] (3d ed. 2004). This is because failure to attach the proposed amendment may prevent the Court from determining whether leave is proper under the *Foman* standard. *See, e.g.*, *Gulley v. Dzurenda*, 264 F.R.D. 34, 36 (D. Conn. 2010) (citing *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir.1994) (holding that in light of the requirement that the district court review the merits of the party's request for leave to amend, the party's failure to tender the amended complaint demonstrated a lack of diligence or good faith)). The court must be able to examine the substance of the proposed amendment to determine, for example, whether, under *Foman,* the claims are "futile" or fail to state claims upon which relief may be granted.

Courts have thus repeatedly held that a party's failure to submit a proposed amended pleading with a motion to amend shows "a lack of diligence and good faith." *See, e.g.*, *State Trading Corp. of India Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir.1990) (imputing a lack of good faith to plaintiff in part because "when [plaintiff] did seek leave to amend, it did not file a proposed amended complaint"); *Rosendale v. Iuliano,* 67 F. App'x 10, 14 (2d Cir. 2003) (holding district court did not abuse its discretion by denying motion to amend because "[w]ithout a proposed pleading, the district court could not determine whether [plaintiff's] claim could survive a motion to dismiss, whether it was futile, or whether it was frivolous"); *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1197 (7th Cir.1985) ("normal procedure is for the proposed amendment

5

or new pleading to be submitted" with the motion for leave to amend, and that failure to do so "indicates a lack of diligence and good faith").

Because Plaintiff is *pro se*, the Court will deny the motion to amend *without prejudice* and grant him a designated date by which to refile said motion in the proper form under Local Civil Rule 7(f) and Federal Civil Rule 15. To comply, in his motion, Plaintiff must indicate that he has inquired of Defendants and there is agreement or objection to the motion; or despite diligent efforts, he has been unable to ascertain their positions, D. Conn. L. Civ. R. 7(f). Along with his motion, Plaintiff must file an accompanying memorandum of law, *id*. 7(a), and a proposed amended complaint. He is further cautioned that in drafting such an amended pleading, he should review this Court's IRO [Doc. 9] and, pursuant to 28 U.S.C. § 1915A, avoid including any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b)(1)-(2).

**B. Plaintiff's Motion to Compel Discovery [Doc. 29]**

In addition to moving to amend his Complaint, Plaintiff has moved to compel discovery under Rule 26, Fed. R. Civ. P. Doc. 29. In particular, Plaintiff seeks an order compelling Defendants to produce documents. He has represented that he has made several attempts to obtain discovery responses and documents from Defendants' counsel, the Department of Corrections Freedom Information Unit, and an Inmates Legal Assistance Attorney. *Id.*, ¶ 1. None of these attempts has been successful. *Id.*

*1. Federal Rule of Civil Procedure 37 and Local Civil Rule 37 - Discovery Disputes*

Under Federal Rule of Civil Procedure 37(a), "a party may move for an order compelling disclosure or discovery." However, "[t]he motion must include a certification that the movant has

in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

In addition, Local Civil Rule 37 of this District, entitled "Discovery Disputes," provides, in relevant part:

> (a) No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.
>
> (b)1. Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court.

Plaintiff is advised that, with respect to Rule 37 above, "even though he is a *pro se* party, he must nonetheless follow all of the rules – federal and local – including the rules requiring . . . a good faith conference before filing discovery-related motions." *Greene v. Wright*, No. 3:04CV658 (MRK), 2006 WL 2506595, at *1 (D. Conn. Aug. 28, 2006) (citing *Collins v. Experian Credit Reporting Serv.*, No. 3:04-CV-1905, 2006 WL 1668766, at * 2 (D. Conn. 2006)). It is incumbent on Plaintiff and counsel for Defendants to be as cooperative and civil as possible to complete discovery.

In particular, with respect to Local Rule 37, "[t]he purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention." *Ruffino v. Faucher*, No. 3:11-CV-297 VLB, 2012 WL 3637636, at *1 (D. Conn. Aug. 22, 2012) (citing *Hanton v. Price*, No.

3:04-CV-473(CFD), 2006 WL 581204, at *1 (D.Conn. Mar. 8, 2006)). Then, "[i]f discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain." *Id.*

*2. Analysis*

As drafted, Plaintiff's pending motion to compel fails to comply with either Federal or Local Civil Rule 37. He fails to include a certification that he has in good faith conferred or attempted to confer with counsel for Defendants. He has also failed to file a memorandum discussing disputed issues of law which may give rise to the motion, D. Conn. L. Civ. R 7(a)1.

In "Defendants' Objection to Plaintiff's Motion to Compel Discovery," Defendants' counsel argues that the motion is "unnecessary at this juncture." Doc. 30, at 4. In support, she represents that the following facts have occurred:

> [T]he Plaintiff wrote a letter on March 19, 2019, and received by the Office of the Attorney General on March 22, 2019, attempting to invoke Rule 26 of the Fed. Civ. R. P. In his letter, the Plaintiff made a request for information and tangible things, but directed it to no particular Defendant in the case. The undersigned assistant attorney general responded to his letter on March 22, 2019, indicating that Fed. R. Civ. P. 26(b)(iv) precluded matters brought pursuant to actions brought without an attorney by a person in the custody of the state. The letter also indicated that the request included in his correspondence was not directed to any particular Defendant and as such could not be considered a request for production.
>
> On March 20, 2019, and received by the Office of the Attorney General on April 1, 2019, the Plaintiff submitted seven request[s] for admissions directed to specific individuals. On April 12, 2019, and received by the Office of the Attorney General on April 17, 2019, the Plaintiff submitted eight requests for production directed to specific Defendants and the undersigned assistant attorney general. Neither of these discovery requests has been completed yet and they are not due until May 2019. The undersigned assistant attorney general is making good faith efforts to complete such discovery requests in a timely manner.

*Id.*, at 2-3.

According to Defendants' counsel, responses to Plaintiff's discovery requests are not yet due and she is making good faith efforts to prepare them. *Id.*, at 3. Moreover, as said discovery responses have not yet been provided to Plaintiff, he has had no opportunity to review them, much less find them deficient and/or discuss their contents with Defendants' counsel. *Id.* Consequently, Plaintiff has not yet conferred with opposing counsel "in person or by phone" before filing the present motion to compel, as mandated by Local Rule 37(a). *Id.* At present, Plaintiff simply alleges in his motion that he has not yet received the discovery he has requested.

Under these circumstances, Plaintiff's motion to compel discovery is premature. If as Defendants assert, "they are still in the process of completing the initial discovery requests submitted by the Plaintiff," the Plaintiff cannot determine at this time whether the motion will be necessary. *See* Doc. 30, at 3. Defendants' counsel represents that she "is in the process of reviewing and appropriately responding to Plaintiff's discovery request." *Id.* Once Defendants' responses are complete, Plaintiff may reassess whether a motion to compel will be needed. In the mean time, the Court will deny the present motion without prejudice to Plaintiff refiling it at an appropriate time and in accordance with the federal and local rules of civil procedure. Defendants are advised to complete their discovery responses in a timely and reasonable manner.

**C. Defendants' Motion for Leave to Depose A Person Confined in Prison [Doc. 27]**

Defendants have moved pursuant to Federal Rule 30(a) of Civil Procedure for "leave to depose Plaintiff, Andrew El-Massri, a person confined at Garner C.I., 50 Nunnawauk Road," in Newton, Connecticut, at that facility "or any other facility where he may be located . . . on a date to be determined and any further dates and locations as necessary" to complete the deposition. Doc. 27, at 1. Defendants propose that the deposition occur before "BCT Reporting, LLC or any person

authorized to take depositions in the State of Connecticut." *Id*. Defendants specify that they "seek this opportunity to discover the details of the Plaintiff's allegations, and for any other purpose provided for by the federal rules." *Id*.

With respect to the conditions under which the deposition may be taken, Defendants request permission to "have a correctional officer present during the deposition for the safety of counsel and the court reporter." *Id*. Defendants then list all of the documents they would like Plaintiff to produce at the deposition, including, *inter alia*, all communications with any employee, agent, or officer of the Department of Correction ["DOC"] regarding the incident complained of in this lawsuit," all documents "regarding each factual allegation made by [Plaintiff] in this lawsuit;" and all written items other than attorney-client communications, regarding "any factual allegation" Plaintiff has made in this lawsuit. *Id.*, at 1-2.

### 1. Rules 26 and 30, Fed. R. Civ. P., and Rule 401, Fed. R. Evid.

Under Rule 30, Fed. R. Civ. P., "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Rule 30(a)(2) requires leave of court "if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B). That exception enables the Court to assess whether the probative value of the deposition justifies any burden on the inmate in testifying and/or on the prison facility with respect to its maintenance of security.

In a federal action, parties are entitled to discover evidence "relevant" to the pending claims and in proportion to the needs of the case. As stated in Federal Rule of Civil Procedure 26(b), "the scope of discovery" is broad, and defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Moreover, under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b).

*2. Analysis*

Under the aforementioned Rules, it is clear that there will be sufficient probative value in Plaintiff's deposition testimony for the Court to grant leave to Defendants to take his deposition. Plaintiff initiated this action. Defendants are entitled to inquire into the specifics of, and the bases for, the factual allegations Plaintiff asserts in support of his claims. Defendants may obtain discovery on matters relevant to Plaintiff's claims. Fed. R. Civ. P. 26 & 30, Fed. R. Evid. 401.

As to the conditions of the deposition, Defendants may take the deposition before BCT Reporting, LLC or another person or agency authorized to take depositions in the State of Connecticut. In addition, there must be at least one correctional officer present for the duration of the deposition to ensure the safety of all present. Moreover, the prison may impose additional security measures at the deposition (secured room, additional locks or monitoring, reasonable restraints, extra guard(s), etc.) that the Warden, in his discretion, deems appropriate.[3]

---

[3] According to the case docket, Plaintiff currently remains incarcerated at Garner Correctional Facility so that the Warden referenced is Anthony Corcella. That prison is designated Level 4, a "high-security" facility, so that the Court recognizes the Warden's potential need to implement additional security measures (beyond the presence of a correctional officer) with respect to Plaintiff's deposition.

In light of the probative value of the proposed deposition testimony, with questions designed to yield relevant evidence, the Court will grant the motion to allow Plaintiff's deposition under the specified conditions. The Court further notes that Plaintiff has not objected to Defendants taking his deposition, nor, having brought this action, does he likely have a sufficient basis to do so.

### III. CONCLUSION

The Court has reviewed the pending three motions in this action, including the parties' arguments with respect to each. Based on the foregoing, the Court rules as follows.

Plaintiff's "Motion for Permission to Amend Complaint" [Doc. 28] is DENIED WITHOUT PREJUDICE. On or before **Friday, June 7, 2019**, Plaintiff must refile his motion to amend in the proper form under Rule 15, Fed. R. Civ. P., and Rule 7, D. Conn. L. Civ. R. To comply, he must file the motion with the mandatory statement regarding Defendants' position with respect to the motion. He must also file an accompanying memorandum of law and a proposed amended complaint. The proposed amended complaint must state all allegations and claims he wishes to pursue in this action, including those which the Court found plausible in its Initial Review Order ("IRO"), and any additional claims and/or defendants he seeks to add.[4] The Court will necessarily

---

[4] The claims which the Court's IRO indicated stated plausible claims under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), include the following: excessive force against Williams, Cacioli, Lewis, and Hebert (with respect to spraying Plaintiff with a chemical agent and slamming him face-first to the ground), as well as failure to intervene to prevent such force against McGivney and Goode, Doc. 9, at 10-13; unconstitutional conditions of confinement against all individual defendants for failure to allow Plaintiff to shower to remove the burning chemical agent from his skin and eyes for 3 days, *id.*, at 13-15; deliberate indifference to serious medical needs against all individual defendants for failure to allow Plaintiff to decontaminate himself, *id.*, at 15-21; and failure to supervise or train against Marmora, *id.*, at 21-22. Each of these claims may proceed against the individual defendants in only their individual capacities for damages. If Plaintiff wishes to pursue these claims, he must include them in his proposed amended complaint. If accepted by the Court, the proposed amended complaint will become the sole operative complaint in this action.

review the proposed amended complaint under 28 U.S.C. § 1915A so that Plaintiff is cautioned that any claim will be dismissed if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b)(1)-(2).

In addition, Plaintiff's "Motion to Compel Discovery" [Doc. 29] is DENIED WITHOUT PREJUDICE as premature. Plaintiff must await timely receipt of Defendants' discovery responses and review them to determine whether they are deficient. Then, if he believes the responses are not sufficient, pursuant to Federal Civil Rule 37 and Local Civil Rule 37, he must make efforts to resolve any discovery issues with Defendants' counsel in person or by telephone before seeking court action.[5] To be clear, only upon conferring in good faith with Defendants' counsel and failing to reach a mutually satisfactory resolution may Plaintiff file a motion to compel. In that event, Plaintiff must file his motion in accordance with the federal and local rules of civil procedure.

Finally, Defendants' "Motion for Leave to Depose [Plaintiff, A] Person Confined in Prison" [Doc. 27] is GRANTED. Defendants' stated purpose in deposing Plaintiff is to obtain discovery regarding the factual allegations in his claims and thereby elicit relevant evidence. The deposition shall take place in the applicable prison in which Plaintiff is incarcerated under the terms specified in this Order, including at minimum, the presence of a correctional officer and such other security measures deemed necessary by the prison's Warden. Defendants may wish to Notice Plaintiff's deposition for a date following the filing date of Plaintiff's proposed amended complaint and the Court's screening thereof. That way, Defendants will have the opportunity to draft their deposition

---

[5] The parties may wish to take the opportunity to confer regarding discovery issues when Defendants' counsel are present at the prison to take Plaintiff's deposition. Such a conference may take place off the record before or after the deposition.

questions and production requests with knowledge of all claims that will be included in this action.

It is SO ORDERED.

Dated: New Haven, Connecticut
       May 7, 2019

                                              */s/Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge