UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW EL-MASSRI,<br><br>        Plaintiff,<br>v.<br><br>NEW HAVEN CORRECTIONAL CENTER, DEPUTY WARDEN MARMORA, LIEUTENANT CACIOLI, LIEUTENANT LEWIS, LIEUTENANT WILLIAMS, OFFICER HEBERT, OFFICER McGIVNEY, NURSE GOODE,<br><br>        Defendants. | Civil Action No.<br>No. 3:18-cv-1249 (CSH)<br><br><br><br>JANUARY 18, 2021 |

**RULING ON PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS [Doc. 122]**

**Haight, Senior District Judge:**

## I.  INTRODUCTION

Plaintiff Andrew El-Massri, a prisoner in the custody of the Connecticut Department of Correction ("DOC"), filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In his Complaint, El-Massri sued the Defendants for violating the Eighth Amendment prohibition against cruel and unusual punishment and sought monetary, injunctive, and declaratory relief. Doc. 1 (Complaint), at 8-9. Based upon his indigence, on August 7, 2018, the Court granted El-Massri's motion to proceed *in forma pauperis* with his action. *See* Docs. 6, 7.

Following review of his claims pursuant to 28 U.S.C. § 1915A and the Ruling on El-Massri's motion to amend his Complaint, the Court permitted the following claims to proceed in this action:

(a) Fourteenth Amendment violation due to excessive force against Williams, Cacioli, Lewis, and Hebert (along with failure to intervene to prevent such force against Goode and McGivney); (b) Connecticut common law civil assault against Williams, Cacioli, Lewis, and Hebert; (c) Fourteenth Amendment violation based on conditions of confinement claim against all individual defendants (Williams, Cacioli, Lewis, Hebert, Goode, McGivney, and Marmora) regarding failure to permit El-Massri to shower for three days; (d) Fourteenth Amendment deliberate indifference to serious medical needs against all individual defendants (Williams, Cacioli, Lewis, Hebert, Goode, McGivney, and Marmora) for failure to permit El-Massri to shower for three days; and (e) failure to supervise or train against Marmora. *See El-Massri v. New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2019 WL 6606457, at *1 (D. Conn. Dec. 5, 2019); *El-Massri v. New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2019 WL 3491639, at *14 (D. Conn. July 31, 2019).

On February 12, 2020, the Court granted El-Massri's motion for appointment of counsel so that said counsel could facilitate discovery by contacting and interviewing potential witnesses. Doc. 154. Prior to this limited appointment of counsel, El-Massri filed a motion for issuance of contempt citation and civil sanctions and a motion to compel. Docs. 122, 150. Thereafter, his appointed counsel, Benjamin Lehberger, filed a Joint Motion for a Telephonic Status Conference regarding his access to discovery materials. Doc. 172. This Court granted Attorney Lehberger's request for additional time to conduct witness interviews and to file supplemental memoranda regarding the pending defense motion for summary judgment. Docs. 173, 174. In addition, the Court stayed these deadlines to permit resolution of Plaintiff's newly filed discovery motions, which were referred to and resolved by Magistrate Judge Thomas O. Farrish. *See* Doc. 187 ("Plaintiff's Motion to Compel Inmate Information"); Doc. 188 ("Plaintiff's Motion to Compel Unredacted Copies of Discovery

Documents"); Doc. 190 (Order granting extension of time to complete witness interviews and file supplemental memoranda regarding summary judgment); and Doc. 198 (Order granting "Plaintiff's Motion to Compel" [Doc. 188]).

The present Ruling resolves Plaintiff's prior pending motion for a finding of contempt and an order of sanctions against Defendants for responding to various discovery requests with allegedly inconsistent and evasive responses, Doc. 122.

## II.  DISCUSSION

**A.     Motion for Issuance of Contempt Citation and Civil Sanctions [Doc. 122]**

Plaintiff El-Massri has filed a "Motion for Issuance of Contempt Citation and Civil Sanctions to Defendants Lewis, Herbert, McGivney and Goode" (herein "Defendants") for violation of the discovery rules. Doc. 122. He moves under Federal Rule of Civil Procedure 37(c)(1) and (2) and Local Rule of Civil Procedure 16(g)(1) for issuance of a contempt citation regarding discovery violations, an adverse inference, one hundred dollars ($100) in costs, and a punitive award of $1,000 jointly.

In his motion, El-Massri asserts that Defendants made inconsistent statements in their discovery responses to his "Requests to Admit" and in affidavits they filed in connection with their motion for summary judgment that was later withdrawn. Doc. 122, at 1; *see also* Docs. 54, 60, 63. He asserts that Defendants initially represented in responses to requests for admission that they had no knowledge of any unlawful conduct and that, on November 26, 2015, they had properly decontaminated him after his exposure to the chemical agent oleoresin capsicum in accordance with Administrative Directive 6.5.   Doc. 122, at 1.   Later, however, after he obtained direct video evidence showing that the Defendants had not properly decontaminated him, El-Massri claims that

3

the Defendants submitted responses to requests for admission indicating that they had engaged in wrongful conduct. *Id.* at 1-2.

Defendants filed an opposition to El-Massri's motion, asserting that Rule 37(c)(1) is inapplicable and that the Defendants' discovery responses represent answers to "slightly nuanced and separate questions, to which accurate responses would make it superficially appear that the Defendants were being inconsistent."[1] Doc. 131, at 3-4.

**B.      Fed. R. Civ. P. 36 and 37(c)[2]**

Plaintiff has alleged that Defendants should be sanctioned for making inconsistent responses to his requests for admission. Federal Rule of Civil Procedure 36, captioned "Requests for Admission," provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)

---

[1] Defendants explain as follows:

> For example, Plaintiff alleges that RN Goode indicated in discovery in June of 2019, that he doesn't recall the events. This may have been true if he did not review the video or the incident report at the time he responded to the interrogatories. RN Goode may have subsequently reviewed these items prior to answering subsequent discovery questions. Further, the Plaintiff wishes to assert that because RN Goode denied that that [sic] he permitted the Plaintiff the opportunity to disrobe and shower, he was being inconsistent. However, there is no indication that the decontamination occurred or had to occur only when he was fully disrobed. Thus, where the questions are similar except for the term "disrobe," the response is not necessarily inconsistent.

Doc. 131, at 4 *n*.1.

[2] Plaintiff also cites this District's Local Rule of Civil Procedure 16(g)(1) to request sanctions against Defendants' counsel. That Rule provides: "The Court may impose sanctions directly against counsel and any party who disobeys an order of the Court or intentionally obstructs the effective and efficient administration of justice." That Rule does not apply in the instant case in that Plaintiff fails to either argue or establish that Defendants have disobeyed a court order or intentionally obstructed the administration of the case.

relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."[3] Fed. R. Civ. P. 36(a)(1). The "sole purpose" of requests for admission under Rule 36 "is to streamline the presentation of evidence at trial." *Pasternak v. Dow Kim,* No. 10 CIV. 5045 LTS JLC, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011) (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.,* 174 F.R.D. 38, 43 (S.D.N.Y. 1997)).

Under Rule 37 of the Federal Rules of Civil Procedure, cited by Plaintiff as the legal basis for his pending motion, the Court may impose sanctions for discovery-related abuses. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002). The Second Circuit has stated that "[d]isciplinary sanctions under Rule 37 are intended to serve three purposes." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). "First, they ensure that a party will not benefit from its own failure to comply." *Id.* "Second, they are specific deterrents and seek to obtain compliance with the particular order issued." *Id.* "Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Id.* (collecting cases). *See also In re SageCrest II, LLC*, 444 B.R. 20, 23 (D. Conn. 2011) (citing *Update Art*, 843 F.2d at 71).

Moreover, whether considered under Rule 37 of the Federal Rules of Civil Procedure for failure to comply with a discovery order, under Rule 16(f) for failure to comply with a pretrial order, or under the Court's inherent power to control litigation, sanctions are a drastic penalty reserved in

---

[3] Federal Rule of Civil Procedure 26(b)(1) delineates the proper scope of discovery as "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Moreover, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

general for egregious conduct, such as willful and conscious disregard of a court order. *See, e.g.*, *Houghton v. Culver*, 467 F. App'x 63, 65 (2d Cir. 2012) (affirming district court's dismissal of action under Rule 37(b)(2) for plaintiff's failure to comply with three pretrial orders and failure to prepare for trial); *Mantell v. Chassman,* 512 F. App'x 21, 23 (2d Cir. 2013) ("[A]lthough the decision to impose sanctions . . . is uniquely within the province of a district court, . . . any such decision [must be] made with restraint and discretion.") (quoting *Salovaara v. Eckert*, 222 F.3d 19, 27 (2d Cir. 2000)); *Cuttino v. Genesis Health Ventures, Inc.,* No. 3:04 CV 575(MRK), 2006 WL 62833, at *8 (D. Conn. Jan. 11, 2006) ("Imposition of sanctions under Rule 37 is a drastic remedy and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure.") (citation and internal quotation marks omitted); 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2291, at 714 (2d ed. 1994) (Sanctions are appropriate "for especially serious disregard of the obligations imposed by the discovery rules.").

Plaintiff cites Federal Rule of Civil Procedure 37(c)(1) and (c)(2) in his motion for sanctions. Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) [initial disclosures] or (e) [supplemental disclosures], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) thus establishes an automatic sanction of preclusion "absent a determination of either 'substantial justification' or 'harmlessness'" of the failure to disclose. *Am. Stock Exch., LLC v. Mopex, Inc.,* 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (collecting cases).

In the case at bar, El-Massri has not argued that the Defendants failed to make initial or

supplemental disclosures but rather that they made false representations when responding to his requests for admissions. Rule 37(c)(1) specifically applies to instances where a party has "fail[ed] to provide information or identify a witness." Fed. R. Civ. P. 37(c)(1). Accordingly, as Rule 37(c)(1) is inapplicable to El-Massri's claim for sanctions, the Court will deny his motion to the extent he moves under Rule 37(c)(1).

Federal Civil Rule 37(c)(2), the alternate provision cited by Plaintiff in his motion, states:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
>   (A) the request was held objectionable under Rule 36(a);
>
>   (B) the admission sought was of no substantial importance;
>
>   (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
>   (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).

In order to move for sanctions under Rule 37(c)(2), the party who requested the opposing party to make an admission must prove that the document at issue is "genuine" or the matter "true." Such an offer of proof is generally made post-trial or with evidence presented successfully on summary judgment. *See, e.g., Guzik v. Albright*, No. 16CV2257(JPO)(DF), 2019 WL 1448358, at *4 (S.D.N.Y. Feb. 8, 2019) ("While Rule 37(c)(2) was initially 'intended to provide posttrial relief' to a party for its expenses in 'making the necessary proof at trial,' Advisory Committee Notes to Fed. R. Civ. P. 37, 1970 Amendment, courts in this Circuit have – although rarely – considered motions for costs-of-proof sanctions, brought under Rule 37(c)(2), upon a party's successful offering of proof

7

on a motion for summary judgment.").

Here, Plaintiff has made the pending motion for sanctions without making an offer of proof. The case has not proceeded to trial so there is no post-trial record. Moreover, Plaintiff has made no offer of proof with respect to a summary judgment motion.

Moreover, under Rule 37(c)(2), even when the moving party is able to demonstrate that the non-admitting party has failed to make an admission about a genuine piece of evidence, there are four exceptions which negate the court's otherwise mandatory duty to award "reasonable expenses, including attorney's fees," to the movant.[4] Fed. R. Civ. P. 37(c)(2)(A)-(D). For example, the non-admitting party may avoid being subjected to sanctions if it "had a reasonable ground to believe it might prevail on the matter." *Id.* 37(c)(2)(C). In that event, "the true test under Rule 37(c)[ (2)] is not whether a party prevailed at trial," but rather "whether [the non-admitting party] acted reasonably in believing that he might prevail." Fed. R. Civ. P. 37, advisory committee's notes to the 1970 Amendment. A reasonable ground to deny an admission request exists where the responding party possesses information or documents to contradict the admission requested. *See, e.g., Zhejiang Tongxiang Imp. & Exp. Corp. v. Asia Bank, N.A.*, No. 98-CV-8288 (JSM), 2003 WL 21697893, at *1 (S.D.N.Y. July 21, 2003) (declining to award sanctions to plaintiff where defendant had "reasonable grounds" to deny certain facts that were later established by the record upon plaintiff's summary judgment motion).

---

[4] "The expenses that may be awarded under Rule 37(c)(2) are only those that could have been avoided by the admission." *Guzik v. Albright*, No. 16cv2257(JPO)(DF), 2019 WL 1448358, at *4 (S.D.N.Y. Feb. 8, 2019) (collecting cases). In particular, the "sanction [under Rule 37(c)(2)] is the payment by the denying party to the requesting party of the reasonable expenses incurred in proving the denied facts, including reasonable attorney's fees if the denial was not warranted." *United States v. Watchmakers of Switzerland Info. Ctr.*, Inc, 25 F.R.D. 197, 199-200 (S.D.N.Y. 1959).

In addition, a non-admitting party may not be sanctioned if "the admission sought was of no substantial importance" in the case. Fed. R. Civ. P. 37(c)(2)(B). Thus, if the admission would provide no information of "substantial importance" to the requesting party's claims, sanctions are not available under Rule 37(c)(2). *See, e.g., Guzik*, 2019 WL 1448358, at *7.

## C. Analysis of Plaintiff's Motion for Contempt and Sanctions

In support of his motion, El-Massri states that Lewis, McGivney, Hebert, and Goode initially provided responses to discovery requests indicating that El-Massri had been properly decontaminated. Doc. 122, at 4-8. Thereafter, in response to Plaintiff's Third Request for Admission, the same defendants provided responses which denied that they: "personally allowed the Plaintiff to disrobe and take a shower to wash off the chemical agent," "personally witnessed the Plaintiff disrobe and take a shower," and/or provided Plaintiff with a change of clothing. *Id.*

On November 26, 2015, the date on which Plaintiff was allegedly sprayed with oleoresin capsicum spray, the Connecticut Department of Correction Administrative Directive 6.5(7)(F) provided that decontamination of an exposed person "shall be accomplished as soon as practical and consistent with the safe and secure operation of the facility upon restoration of control of the incident[,]" and it "shall include at a minimum: (1) flushing of the eyes; (2) a shower and change of clothing; (3) medical attention; and (4) removal of the person from the affected area if possible." Admin. Dir. 6.5(7)(F)(1)-(4).[5] Plaintiff thus argues that Defendants' inconsistent statements amount

---

[5] The Court takes judicial notice that the current version of the State of Connecticut Department of Correction Administrative Directive 6.5 went into effect on 10/01/2018 and does not contain the provisions quoted above in Administrative Directive 6.5(7)(F), which became effective on 2/13/2013. The current Directive 6.5 requires a "post-incident medical evaluation and treatment . . . as soon as possible after the use of physical force" and "immediate medical examination and treatment" of any person who is "injured or claiming injury" after the use of such force. *Id.* 6.5(10).

9

to failure to admit they failed in their decontamination responsibilities under DOC Administrative Directive 6.5. Doc. 122, at 4-8.

The Court acknowledges a potential inconsistency may exist between the Defendants' representations that El-Massri had been properly decontaminated and their later denials in response to his "Third Request for Admissions." However, Defendants have made a plausible argument that their responses were different due to intervening events, such as possibly reviewing a video and/or incident report prior to answering Plaintiff's third request. *See* n. 1, *supra*. Moreover, Defendants contend that "Plaintiff asked slightly nuanced and separate questions, to which accurate responses would make it superficially appear that the Defendants were being inconsistent." Doc. 131, at 4. For example, it is plausible that certain witnesses believed that El-Massri was properly decontaminated even though they did not personally witness, or permit Plaintiff to, fully disrobe, shower, and/or change his clothing to effect such decontamination. If Plaintiff flushed his eyes, rinsed his body while partially dressed, or received decontamination assistance through some other means, Defendants' statements may have been facially true.

As discussed *supra*, the sanction of contempt is a drastic remedy. A court may find a party in contempt if the alleged contemnor's bad acts are "clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (citation omitted). In the case at bar, the proceedings are not post-trial, nor has El-Massri presented successful evidence on summary judgment to show that Defendants have failed to make true admissions. In particular, El-Massri has not offered evidence to establish that the Defendants denied a request to admit and that the matter was, in fact, true. He has also presented no evidence

to establish that the Defendants acted with flagrant bad faith or callous disregard for the Rules of Civil Procedure, which would warrant the drastic remedy of sanctions under Rule 37. On the other hand, Defendants have attempted to comply with discovery by answering Plaintiff's discovery requests and now offer a possible explanation for their facially inconsistent answers. It is not clear on the record that their statements to Plaintiff were false.

In any event, the Defendant's responses at issue, which Plaintiff argues pertain to whether Defendants violated a DOC Administrative Directive, do not bear directly on Plaintiff's alleged constitutional claims under § 1983. A violation of Administrative Directive 6.5 does not rise to the level of a constitutional violation. *See Fine v. UConn Med.*, No. 3:18-CV-530 (JAM), 2019 WL 236726, at *9 (D. Conn. Jan. 16, 2019) ("[A] prison official's violation of a prison regulation or policy does not establish that the official has violated the Constitution or is liable to a prisoner under 42 U.S.C. § 1983.") (citing *Harris v. Taylor*, 441 F. App'x 774, 775 (2d Cir. 2011)). *See also, e.g., Johnathan Wilson v. Conn. Dep't of Corr.*, No. 3:20CV1567 (MPS), 2020 WL 7388979, at *13 (D. Conn. Dec. 16, 2020) ("A defendant's failure to comply with prison regulations or administrative directives does not constitute a basis for relief under Section 1983 because 'a prison official's violation of a prison regulation or policy does not establish that the official has violated the Constitution or is liable to a prisoner under 42 U.S.C. § 1983.'") (quoting *Fine*, 2019 WL 236726, at *9 ).

Thus, admissions sought to determine whether El-Massri received proper decontamination under Administrative Directive 6.5 are not of "substantial importance" regarding whether Defendants violated El-Massri's constitutional rights under § 1983. Where the requests at issue do not seek "information of substantial importance to the determination of plaintiff's claim, sanctions

under this Rule [37(c)(2)] are not appropriate." *See Ford v. Principal Recovery Grp., Inc.*, No. 09-CV-627-JTC, 2012 WL 930334, at *7 (W.D.N.Y. Mar. 19, 2012). In other words, under Rule 37(c)(2)(B), Fed. R. Civ. P., Defendants' responses regarding compliance with Administrative Directive 6.5 may be viewed as lacking in "substantial importance" with respect to Plaintiff's claims. Plaintiff must prove his constitutional claims with evidence other than alleged violation of an administrative directive. Accordingly, El-Massri's motion for a contempt citation and sanctions will be denied.

### III.  CONCLUSION

For the foregoing reasons, El-Massri's motion for issuance of contempt citation and civil sanctions [Doc. 122] is DENIED. As noted *supra*, the Court reminds Plaintiff that the parties' discovery disputes have been fully resolved by Magistrate Judge Farrish.

It is SO ORDERED.

Signed: New Haven, Connecticut
       January 18, 2021

                                              */s/Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge