UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW EL-MASSRI,<br><br>               Plaintiff,<br>  v.<br><br>NEW HAVEN CORRECTIONAL CENTER, DEPUTY WARDEN MARMORA, LIEUTENANT CACIOLI, LIEUTENANT LEWIS, LIEUTENANT WILLIAMS, OFFICER HEBERT, OFFICER McGIVNEY, NURSE GOODE,<br><br>               Defendants. | Civil Action No.<br>No. 3:18-cv-1249 (CSH)<br><br><br><br>OCTOBER 5, 2021 |

**RULING ON DEFENDANTS' MOTIONS TO OBTAIN APPROVAL OF PROPOSED REDACTIONS TO ECF 200 AND TO SEAL [Doc. 212 & 213]**

**Haight, Senior District Judge:**

    *Pro se* plaintiff, Andrew El-Massri, an inmate currently incarcerated at the Garner Correctional Institution in Newtown, Connecticut, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the New Haven Correctional Center ("NHCC"), where he was previously detained, and a number of that facility's employees in their individual and official capacities. The action arises out of events that occurred on or about November 26, 2015, when El-Massri, then housed at NCC, was involved in a physical altercation with another inmate and was thereafter sprayed by corrections officers with Oleoresin Capsicum (also "OC"). Doc. 1, ¶¶ 7-9. Following the Court's entry of its "Initial Review Order" [Doc.9], there remain five pending claims in the action. In particular, three of Plaintiff's claims allege 14th Amendment violations: excessive force against Lieutenants Williams, Cacioli, and Lewis, and Officer Hebert (along with failure to intervene to prevent such force against Nurse Goode and Officer McGivney); unconstitutional conditions of confinement against all individual defendants (Williams, Cacioli, Lewis, Hebert, Goode, McGivney,

1

and Marmora) regarding failure to permit El-Massri to shower for three days after being exposed to OC spray; and deliberate indifference to serious medical needs against all individual defendants (Williams, Cacioli, Lewis, Hebert, Goode, McGivney, and Marmora), also for failure to permit El-Massri to shower for three days following the OC spray incident. In addition, Plaintiff has claims for failure to supervise or train against Deputy Warden Marmora and Connecticut common law civil assault against Lieutenants Williams, Cacioli, and Lewis, and Officer Hebert. *See El-Massri v. New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2019 WL 6606457, at *1 (D. Conn. Dec. 5, 2019); *El-Massri v. New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2019 WL 3491639, at *14 (D. Conn. July 31, 2019).

Pending before the Court are Defendants' requests to seal portions of Plaintiff's "Supplemental Memorand[um]" [Doc. 200] in opposition to Defendants' motion for summary judgment [Doc.120]. Doc. 213. The portions designated for sealing include references to Department of Correction ("DOC") Oleoresin Capsicum lesson plans that were previously sealed by this Court. Doc. 168. Defendants had asserted that these plans "contain sensitive information regarding training on the safety and use of [O]leoresin Capsicum agent," Doc. 201. The Court found that sealing such security-related plans was "supported by clear and compelling reasons," D. Conn. L. Civ. R. 5(e)3. Doc. 207 (Order, granting in part and denying in part Defendants' "Motion to Seal Plaintiff's Filing ECF 200" [Doc. 201]). The Court explained that "[c]entral to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979)). Federal courts have thus "repeatedly found good cause to limit discovery or disclosure of information implicating the safety and security of prisons." *Id.* (quoting *Gardner v. Univ. of Connecticut Health Ctr.,* No. 3:12-CV-1168 (CSH), 2013 WL 6073430, at *2 (D. Conn. Nov. 18, 2013)).

The Court, however, denied Defendants' request for blanket sealing – *i.e.,* to seal Plaintiff's memorandum and exhibits in their entirety – noting that sealing must also be "narrowly tailored to serve [the] reasons" supporting it, D. Conn. L. Civ. R. 5(e)3. Doc. 207. Specifically, "blanket sealing of entire documents . . . within a case is generally disfavored." *Id.* (quoting *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *3 (D. Conn. Aug. 5, 2013) (collecting cases)). Consequently, the Court directed Defendants to "redact the portions of Plaintiff's supplemental memorandum and exhibits that reference or contain the safety plans at issue

and file a redacted version of those documents with the Court under seal." *Id.*

Defendants have now complied with that Order [Doc. 207] by filing their proposed redactions and a renewed motion to seal. Doc. 212-14. Unlike the prior version, the current motion to seal is directed solely to Plaintiff's "Supplemental Memorandum" and *not* its exhibits. The Court herein resolves the motion to seal – *i.e.*, whether the proposed redactions are "narrowly tailored" and sufficient to allow the redacted memorandum to appear to the public on the case docket.

After careful consideration of Defendants' redactions in "Sealed Exhibit A" [Doc. 214], it is clear that the portions of text Defendants seek to seal in Plaintiff's "Supplemental Memorandum" contain the substance of DOC "lesson plans," directions regarding considerations before the use of OC and steps to decontaminate and provide first aid to any person exposed to OC.

Defendants have asserted in their "Motion to Seal" [Doc. 213] that the material submitted for sealing "contains the Plaintiff's medical material as maintained by the Department of Correction" and this material is "confidential in accordance with the Health Accountability and Portability Act ("HIPPA") Pub. L. 104-191, 110 Stat. 136 (1996)."[1] Doc. 213, at 1. However, as discussed above, rather than relating to personal health records of Plaintiff or other individuals (*i.e.*, individually identifiable health information) under HIPPA, the Court finds that the redacted materials contain lesson plans for prison personnel in the event of an incident where Oeloresin Capsicum has been or will be administered during a prison incident. Consequently, the redacted instructive materials are not subject to protection as personal medical records.

However, as stated in its prior Order [Doc. 207], the Court finds that sealing the substance of the security-related DOC Oeloresin Capsicum lesson plans "is supported by clear and compelling reasons," D. Conn. L. Civ. R. 5(e)3. The redacted materials implicate the "institutional consideration of internal security within the corrections facilities." *Bell*, 441 U.S. at 546-47 (quoting *Pell v. Procunier*, 417 U.S. 817, 823 (1974)). Moreover, the Court approves the proposed redactions as "narrowly tailored to serve [the] reasons" supporting them – namely, to shield only sensitive security-

---

[1] It is noteworthy that Defendants previously based their motion to seal the material at issue on its sensitive nature for security purposes. In that motion, Defendants had alleged that the OC lesson plans "contain sensitive information regarding training on the safety and use of [O]leoresin Capsicum agent." Doc. 201, at 1. The currently asserted HIPPA basis for sealing may have been inserted into the motion erroneously, if not improvidently.

related material from public scrutiny. D. Conn. L. Civ. R. 5(e)3.

The bulk of Plaintiff's Supplemental Memorandum [Doc. 200] will remain available for public review on the case docket as Doc. 214; and the DOC Administrative Directives to which Plaintiff refers are available for public inspection.[2] Accordingly, pursuant to Local Civil Rule 5(e)3, the Court APPROVES and ADOPTS "Defendants' Proposed Redactions to ECF 200" [Doc. 212] and GRANTS Defendants' "Motion to Seal" Plaintiff's "Supplemental Memorandum" [ECF200] [Doc. 213], specifically sealing the redactions appearing in Exhibit A [Doc. 214]. The Clerk is hereby directed to: maintain Doc. 200 (Plaintiff's "Supplemental Memorandum") under seal; unseal the Exhibits to that memorandum (Doc. 200-1 to 200-8), which were not submitted for sealing; and unseal Doc. 214 ("Exhibit A") but maintain its sealed redactions intact.

It is SO ORDERED.

Signed: New Haven, Connecticut
October 5, 2021

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

[2] The Court notes that Plaintiff has objected to the "proposed redacted information" because he alleges that such information "is located in its entirety in [DOC] Administrative Directive 6.5," entitled "Use of Force." Doc. 215, at 1. Furthermore, he emphasizes that the Court has taken judicial notice of that Directive, which has also "been made public by the Defendant's own argument" for summary judgment. *Id.* To the extent that Plaintiff feels that the redacted material overlaps with material disclosed to the public, sealing will not result in any prejudice to him. In addition, the Court has access to the redacted material in resolving the summary judgment motion so that the redactions do not remove Plaintiff's bases for his alleged arguments (*e.g.*, "evidence that proves the Defendants were adequately trained"). Doc. 215, at 1.

Finally, it puzzles the Court why Plaintiff has changed his position regarding sealing the redacted material. According to Defendants, Plaintiff did not previously object to sealing "specific pages referencing redacted DOC lesson plans." Doc. 201, at 1. Rather he objected to "the document being sealed in its entirety." *Id.* The present Ruling disallows blanket sealing but permits redactions such as those Plaintiff appears to have formerly found unobjectionable.